IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
Asheville Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 1:07cr3 |
| | ) | |
| RICHARD CAMPBELL | ) | |
| SANDRA WALLACE | ) | |

## ORDER

The matter is before the Court on a *pro se* letter filed jointly by defendants Richard Campbell and Sandra Wallace (document 129). Defendants' letter in this regard is properly characterized as a motion to compel the filing of a motion for a reduction in defendants' sentences, pursuant to Rule 35(b), Fed. R. Crim. P., or in the alternative, to withdraw defendants' guilty pleas as not knowing and voluntary.

As an initial matter, defendant's letter request must be denied insofar as it is construed as a motion to compel the filing of a Rule 35(b) motion. Specifically, Rule 35(b), Fed. R. Crim. P., provides, in pertinent part, that "[u]pon the government's motion...the court may reduce a sentence" based on a defendant's "substantial assistance" to law enforcement authorities in the investigation and prosecution of other individuals. Rule 35(b), Fed. R. Crim. P. Absent a clear agreement to the contrary, which is not apparent here, Rule 35(b) confers on the government the sole discretion to seek a reduction in a defendant's sentence based on substantial assistance to government authorities. *See United States v. Wallace*, 22 F.3d 84, 87 (4th Cir. 1994) (citing *Wade v. United States*, 504 U.S. 181, 185-86 (1992)); Rule 35(b), Fed. R. Crim. P. Indeed, only if the government withholds the

1

motion in bad faith or for some unconstitutional motive may a court compel the filing of a Rule 35(b) motion.[1] No such bad faith or unconstitutional motive is present here. Defendants' motion must therefore be denied on this ground.

Yet, insofar as defendants' letter request is construed as a motion to withdraw their guilty pleas in this case on the ground that those pleas were not knowing and voluntary in light of alleged representations made by the prosecutor, additional briefing is necessary.

Accordingly, it is hereby **ORDERED** that the government is **DIRECTED** to file a response to defendants' motion by 5:00 p.m., Tuesday, December 30, 2008, together with the written transcripts of these defendants' plea and sentencing hearings. In the event oral argument or an evidentiary hearing is deemed necessary to resolve defendants' motion, the parties will be so advised in a subsequent order.

The Clerk is directed to send a copy of this Order to the Probation Office and all counsel of record.

/s/

December 16, 2008
Alexandria, VA

T. S. Ellis, III
United States District Judge

---

[1] See *United States v. Butler*, 272 F.3d 683, 686 (4th Cir. 2001) (stating that "unless the government's failure to file a substantial assistance motion is 'based on an unconstitutional motive,' such as racial or religious animus, or is 'not rationally related to any legitimate Government end,' district courts have no authority to review a prosecutor's refusal to file a substantial assistance motion and grant a remedy") (quoting *Wade v. United States*, 504 U.S. 181, 185-86 (1992)); *United States v. Abuhouran*, 161 F.3d 206, 212 (3rd Cir. 1998) (recognizing that "even if the government reserves 'sole discretion' to determine whether to offer a motion, a district court has authority to depart downward for substantial assistance when the government's refusal to offer a motion is 'attributable to bad faith'") (citations omitted).